**WELLNITZ, Plaintiff-Appellee, v. DEPENDABILT HOMES, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3908. Decided January 17, 1947.

Estel O. Gifford, Columbus, for plaintiff-appellee.
Owen B. Sherwood, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. The appeal is designated as one on law and fact but it is not appealable as such and will therefore be regarded only as a law appeal.

The action originated in the Municipal Court of Columbus, Ohio, the petition alleging that there was due to the plaintiff the sum of $275.00 under the terms of an oral contract for the construction of a cement block foundation upon the premises known as 1312-14 Eastview Avenue.

The petition alleges further that the work has been completed and a demand made on the defendant for said sum which has been refused.

The answer is in the form of a general denial. The defendant further answering set forth the specific defense of an accord and satisfaction.

The trial court found in favor of the plaintiff and the judgment was affirmed by the Court of Common Pleas.

The errors assigned may be epitomized as follows:

(1) The judgment was contrary to the law and the evidence.

(2) The Court erred in the admission and exclusion of certain evidence.

The record discloses that the parties hereto entered into an agreement for the installation of six house foundations on Eastview Avenue at a cost of $275.00 each and for certain

other work not in issue in this case. The work continued over a period of several months and soon after each foundation was completed a bill was sent to the defendant and certain payments were made. Sometime between December 1 and 16, 1942, certain differences as to the balance due on these various jobs arose and because of the dispute between the parties hereto as to said indebtedness the defendant forwarded to the plaintiff-appellee its check for the sum of $279.67, which has been offered in evidence as Defendant's Exhibit B, and upon this check the following endorsement was placed: "Foundation job number 4, 1296—1297 Eastview Avenue in full for all house foundations on Eastview Avenue". There accompanied this check a letter from the defendant which was admitted in evidence as Defendant's Exhibit A, which reads as follows:

"Confirming my telephone conversation with you today, I am enclosing check in full payment of job No. 4 house foundation, and building and loan order in full payment of job No. 5 house foundation, leaving only the six garages still unpaid.

"We have your bills for the garages and will check them with Mr. Miller at our earliest convenience, and communicate with you."

The check was accepted by the plaintiff and the account was considered closed until the same was audited by the plaintiff's accountant and tax consultant on or about May 8, 1943, at which time the defendant herein was advised that he owed a balance of $275.00 for the house foundation located at 1312-14 Eastview Avenue.

We find that the rulings by the trial court in the admission and exclusion of evidence were proper and will confine our remarks solely to the question as to whether or not the judgment is contrary to law and the evidence. Upon this subject the defendant is contending that there was an accord and satisfaction and that therefore the judgment should have been for the defendant. It is the contention of the plaintiff that the indebtedness is liquidated and therefore that such a defense cannot be interposed.

It is well recognized in this state that the acceptance of less than the amount presently or past due upon a liquidated and undisputed indebtedness in full payment thereof is not an accord and satisfaction. We find the law on this subject thoroughly discussed in Yin v Products Company, 141 Oh St 21, Syllabi 2 and 3 of which provide:

"2. When a plaintiff brings an action for a definite amount of indebtedness which he claims is liquidated by agreement, and an issue is made thereon as to the amount thereof and the admitted acceptance of a less amount in full payment is pleaded by the defendant as an accord and satisfaction, a finding by the jury that the demand of plaintiff is unliquidated is sufficient to sustain the defense of accord and satisfaction.

"3. When in such a case the jury finds from conflicting evidence that plaintiff's demand is liquidated and there is a conflict in the evidence as to whether there was a bona fide dispute between the parties at the time of the acceptance of the less amount in full settlement, the jury must go further and determine whether such a bona fide dispute then existed and upon a determination of that issue in favor of the defendant, the defense of accord and satisfaction is made out."

It cannot be denied that the plaintiff's demand was liquidated. The contract calls for the definite sum of $275.00 for the construction of the foundation in this basement, but we find from the record that there was a dispute as to the amount of money paid by the defendant on these six jobs. Let us examine the record and see what it shows in this regard.

Earl L. Brooks was called as a witness in behalf of the defendant, who testified that he was president of the defendant company. He testified further as follows:

"Q. 114. Now tell the Court how it happened you wrote that letter (Defendant's Exhibit A).

A. Well, as I started to say, as the Wellnitz Company did these foundations for us from time to time, they would bill us for it which was as they were finished, and at one stage—I can't give the exact date from my memory but it was a few days prior to December 16th, 1942, a discrepancy arose between the amount they claimed was due and the amount that we thought was due according to our records. They sent me some bills, and it happened they were charging us for more than we owed. So I called Mr. Wellnitz' office and told them what I wanted. I wanted to check over the accounts with them, and they referred me to some girl—I don't know her name, they never told me her name. She said she would be the one for me to talk to so we started checking payments and billings.

"Q. 115. On the phone?

A. That's right. And finally after quite a long conversation, she said well, apparently there was a mistake in her re-

cords, and she would send me a new bill—to pay no attention to the old bills.

"Q. 116. Do I understand this was just prior to December 16th?

A. Some few days prior. I don't know whether it was two or three or four, but a few days. So she asked me to destroy the invoice I had received that day or a day previous and she would send me some new ones. Now, she did that and a day or two later I received some new invoices and they still didn't agree with my records. And I called her back and talked to her about it, and after much conversation and a great deal of checking, I finally reached an agreement with her about the amount due up to that time."

Objection was made to the last part and the same was sustained.

"Q. 117. What happened then?

A. As a result of that conversation, she sent me some more bills.

"Q. 118. When you say 'she', you don't know who sent it?

A. That girl in Mr. Wellnitz' office—the one to whom they referred me when I called there."

"Q. 120. What did you do then?

A. I then wrote this letter."

None of this testimony offered by Mr. Brooks was refuted or denied. We think that this testimony definitely establishes that there was a bona fide dispute between these parties as to the accounts due under the contract at the time of the acceptance of the check in full settlement. We find the law on this subject clearly stated in **1 O. Jur. page 164,** as follows:

"The acceptance of a check marked 'In full', as payment of a liquidated and undisputed debt of larger amount, does not constitute an accord and satisfaction, and does not operate as an estoppel against the creditor in an action to recover the balance. But where there is a controversy existing between the parties **regarding the amount due**, the tender by the debtor of a check marked 'In settlement of account in full', and the acceptance and use of it by the creditor, operate as an accord and satisfaction."

(Emphasis ours.)

In speaking of the rule with reference to liquidated claims, **1 O. Jur. page 162,** says:

"The rule is highly technical, and is looked upon with disfavor by the courts, and its operation confined to cases strictly within it."

Citing, **Harper v Graham, 20 Ohio 105;**
Brown-Ketcham Iron Works v Hazen,
4 O. C. C. N. S. 582, 24 O. C. C., 681;
New York Coal Co. v Sunday Creek Co.
12 O. N. P. N. S. 641.

"There are few cases, however, which take the view that the intention of the parties is the determining factor as to whether the acceptance of a less sum is a valid accord and satisfaction of a greater, and where it appears that the parties came together on equal terms, that there was no fraud, and that no advantage was taken of one by the other, an accord and satisfaction may be established."

We are, therefore, of the opinion that the judgment of the trial court is contrary to law and the evidence and should be reversed. The cause is ordered remanded for further proceedings according to law.

HORNBECK, PJ, and WISEMAN, J, concur.